Ex parte Cayetano Coll. Cuchí, Jr., Petitioner.

No. 137. Submitted November 6, 1933. Decided November 17, 1933.

Mr. Justice Aldrey delivered the opinion of the Court.

It is required by our laws that an applicant for admission to the bar examinations must present to this court a law diploma. Cayetano Coll Cuchí, Jr., has applied to us for admission to said examinations without presenting any diploma, relying on Joint Resolution No. 40 of 1933, Session Laws, page 720, which reads as follows:

"Whereas, Cayetano Coll Cuchí, Jr., of Puerto Rico, pursued his studies in the Law College of the University of Louisville, Kentucky, and passed each and all of the several subjects required by said university in its three-year course for the granting of the degree of bachelor of laws;

"Whereas, the said Cayetano Coll Cuchí, Jr., was examined by the Examining Board of the Court of Appeals of the State of Kentucky on April 17 and 18, 1930, and passed the examination; and having also finished the course required by said university for obtaining the degree of bachelor of laws, he was admitted to practice the profession in said State;

"Whereas, The said Cayetano Coll Cuchí, Jr., was admitted to the practice of his profession in the State of Kentucky by the Court of Appeals, with the recommendation of the Examining Board of the State of Kentucky on September 23, 1930;

"Whereas, On September 26, 1930, the said Cayetano Coll Cuchí, Jr., was also admitted to the practice of his profession by the United States District Court for the District of Kentucky, on its corresponding circuit;

"Whereas, On October 28, 1930, the said Cayetano Coll Cuchí, Jr., was admitted to the practice of his profession by the United States District Court for the District of Puerto Rico;

"Whereas, The said Cayetano Coll Cuchí, Jr., has been practicing his profession in the office of Cayetano Coll Cuchí for more than two years;

"Whereas, Due to a technicality of the regulations governing the University of Louisville, Kentucky, and in spite of the fact that said Cayetano Coll Cuchí, Jr., attended classes during its course and passed in all the subjects required by the Law College of said university for obtaining the degree of LL. B., he was never granted a diploma accrediting his graduation as bachelor of laws, although the fact of that graduation is shown by a letter which has been delivered to the said Cayetano Coll Cuchí, Jr.;

"Whereas, Under those conditions and with notorious injustice to Cayetano Coll Cuchí, Jr., the latter cannot apply for an examination for admission to the bar before the Supreme Court of Puerto Rico without proper authorization through an act of the Legislature because, in spite of the fact that he is a graduate of an accredited university, he is not in actual possession of a diploma so accrediting him,

"Now, Therefore, *Be it resolved by the Legislature of Puerto Rico:*

"Section 1.—To authorize the Supreme Court of Puerto Rico, and it is hereby authorized, to grant to Cayetano Coll Cuchí, Jr., whenever it deems convenient, an examination for admission to the bar in Puerto Rico, if and when the said Cayetano Coll Cuchí, Jr., at the time of making his application, presents proof of the facts set forth in each and all of the 'Whereases' of this Resolution; and if the said Cayetano Coll Cuchí, Jr. passes the examination given him, the Supreme Court of Puerto Rico is authorized to issue the corresponding license to practice law in this Island."

Petitioner has presented proof of the facts set forth in some of the "Whereases" of said resolution, but no evidence of having passed, as stated in the first recital (*"Por cuanto"*), each and all of the several subjects required by the Law College of the University of Louisville, Kentucky, in its three-year course for the granting of the degree of bachelor of laws, nor has he presented the letter showing the fact of his graduation. It might be argued that such

evidence is not necessary since the petitioner has shown that he was examined by the Board of Examiners of the Court of Appeals of the State of Kentucky, and was admitted to the practice of law in said State; but, apart from the fact that we do not know what are the requirements for said examination and admission, the terms of the Joint Resolution is so definite and restrictive to grant the petitioner the privilege of admission to the bar examination without presenting the diploma which should have been issued to him by the university where he studied, that we think he should not be admitted to such examination, for which reason his petition must be denied.